## COMMONWEALTH *vs.* CLARK GREENE.

In an action upon a recognizance, the record is not conclusive to show that it was duly taken if the parties agree to a statement of facts by which it appears that it was not duly taken.

CONTRACT upon a recognizance the record of which showed that the defendant entered into it before the police court of the city of New Bedford, as surety for Isaac Marshall, who had been ordered to recognize with surety for his appearance at the superior court to answer to a charge of larceny. The parties agreed upon a statement of facts, by which it appeared, amongst other things, that the clerk of the police court took the recognizance at the jail, after the adjournment of the court, and in the absence of the justice of the court. Judgment was thereupon rendered, in the superior court, for the defendant; and the Commonwealth appealed to this court.

*Reed,* A. G., for the Commonwealth.

*E. L. Barney,* for the defendant.

HOAR, J. No provision of law is shown which authorized the clerk of the police court to take the recognizance which the

Commonwealth seeks to enforce, at the time and in the manner in which it was actually taken.

It was held in *Boston* v. *Tileston,* 11 Mass. 468, and affirmed in *Wolcott* v. *Ely,* 2 Allen, 338, that where the parties in an agreed statement of facts agree to a fact decisive of a title, an officer's return, which would have been conclusive evidence upon a trial between them that the fact was otherwise, is not to be regarded. The same principle would prevent the holding the record conclusive in this case. The agreement as to the fact may have prevented the party, whose interest it is to establish it, from procuring an amendment of the return in the one case, or of the record of the recognizance in the other. It amounts, in substance, to an agreement that there is no true record such as is declared on ; and the agreement would authorize an amendment of the record, if applied for.

<div align="right">

*Judgment for the defendant.*